# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| RENEE GUIBAO,<br><br>          Plaintiff,<br><br>vs.<br><br>FORCOT ENTERPRISES LLC and<br>PARK PLACE MEMPHIS, LLC,<br><br>          Defendants. | CIVIL ACTION<br><br>FILE No. 2:17-cv-02842 |

---

## COMPLAINT

---

COMES NOW, RENEE GUIBAO, by and through the undersigned counsel, and files this, her Complaint against FORCOT ENTERPRISES LLC and PARK PLACE MEMPHIS, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2.    Plaintiff RENEE GUIBAO (hereinafter "Plaintiff") is, and has been at all

times relevant to the instant matter, a natural person residing in Memphis, Tennessee (Shelby County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Defendant FORCOT ENTERPRISES LLC (hereinafter "FORCOT") is a Tennessee limited liability company that transacts business in the state of Tennessee and within this judicial district.

7.      Defendant may be properly served with process via its registered agent for service, to wit: Chad Foreman, 9544 Dogwood Estates Drive, Germantown, Tennessee 38139-5610.

8.      Defendant PARK PLACE MEMPHIS, LLC (hereinafter "PARK PLACE") is a Tennessee limited liability company that transacts business in the state of Tennessee and within this judicial district.

9.      Defendant may be properly served with process via its registered agent for service, to wit: Earl E. Williams, 825 Valleybrook Drive, Memphis, Tennessee 38120-2767.

## FACTUAL ALLEGATIONS

10.     On or about April 12, 2017, Plaintiff was a customer at "Pyro's Fire Fresh Pizza," a business located at 1199 Ridgeway Road, Memphis, Tennessee 38119,

referenced herein as the "Facility."

11.     FORCOT is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

12.     PARK PLACE is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

13.     Plaintiff lives in the near vicinity of the Facility and Property.

14.     Plaintiff's access to the business(es) located at 1199 Ridgeway Road, Memphis, Tennessee  38119, Shelby County Property Appraiser's parcel number 081004 00047 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

15.     Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

16.     Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

17.     Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer

such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq*.

19.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

4

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20.   Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

22.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.   The Facility is a public accommodation and service establishment.

24.   The Property is a public accommodation and service establishment.

25.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.   Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and

gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

28.    The Property must be, but is not, in compliance with the ADA and ADAAG.

29.    Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.    Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.    Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

33.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a)     **ACCESSIBLE ELEMENTS:**

(i)     At least one accessible parking space on the Property is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(ii)    One or more accessible parking spaces on the Property, including, but not limited to the parking space most proximate to "Unit 6069," contain storm drains that have slits that are wider than ½ (one-half) inch, in violation of section 302.3 of the 2010 ADAAG standards.

(iii)    The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 1185" is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iv)    The access aisle adjacent to the accessible parking space on the Property most proximate to "Stash Home" is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(v)    The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 1207" is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(vi)    The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 1213" is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(vii)    The Property has a ramp leading from the accessible parking space most proximate to "Unit 1213" to the accessible entrances of the Facility with a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards.

(viii)    The access aisle adjacent to the accessible parking space on the Property most proximate to "Unit 1235" is not level due to the

8

presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(ix)    There is an excessive vertical rise at the base of the ramp on the Property most proximate to "Unit 1235" that is caused by an excessive gap, in violation of section 303.2 of the 2010 ADAAG standards.

(x)     The access aisle adjacent to the accessible parking space on the Property most proximate to "Amerigo" is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(xi)    The interior of the Facility has a bar lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

**(b)    RESTROOMS:**

(i)     The Facility lacks restroom signage that complies with with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)    There is inadequate clear turning space in the toilet stalls in the restrooms in the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(iii)   The accessible toilet stall doors in the restrooms in the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the

9

2010 ADAAG standards.

(iv)   The lavatories and/or sinks in the restrooms in the Facility have exposed pipes and surfaces and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(v)   The restrooms in the Facility have sinks with inadequate knee and toe clearance thereunder, due to the arrangement of the plumbing underneath, in violation of section 306 of the 2010 ADAAG standards.

(vi)   The mirrors in the restrooms in the Facility exceed the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

(vii)   The height of the coat hooks located in the accessible stalls in the restrooms in the Facility is above 48 (forty-eight) inches from the finished floor in violation of section 308.2.1 of the 2010 ADAAG standards.

34.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

35.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

36.   The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37.   All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

38.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

39.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

40.   Upon information and good faith belief, the Facility and Property have been altered since 2010.

41.   In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

42.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

43.   Plaintiff's requested relief serves the public interest.

44.   The benefit to Plaintiff and the public of the relief outweighs any resulting

detriment to Defendants.

45.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

46.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find FORCOT in violation of the ADA and ADAAG;

(b)    That the Court find PARK PLACE in violation of the ADA and ADAAG;

(c)    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)    That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 17, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich

Craig J. Ehrlich
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (800) 238-3857, Ext. 301
Fax: (855) 415-2480
craig@ehrlichlawoffice.com